UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT PRIESTER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:07CV00194 ERW |
| GERARD NESTER, et al., | ) |  |
| Defendants. | ) |  |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Robert Priester for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action against defendants Gerard Nester, Jane Doe, and John Doe. Liberally construing the complaint, plaintiff appears to be challenging a state court decision appointing defendant Nester as a guardian "against his will." Plaintiff requests that this Court order "the defendant(s) to withdraw from the case of Robert Priester and restore him his civil liberties back into the community."

Pursuant to the Rooker-Feldman doctrine,[1] "[f]ederal district courts are prohibited from exercising jurisdiction over appeals from state court decisions and general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." Ace Construction v. City of St. Louis, 263 F.3d 831, 833 (8th Cir. 2001); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 290-91 (2005)(discussing federal court jurisdiction under Rooker-Feldman doctrine). An action is, in effect, an appeal of the state court judgment "[i]f the federal court can only provide relief by determining that the state court was wrong." Id. Thus, to the extent that plaintiff is, in effect, seeking federal review of a state court's judgment appointing him a guardian, this Court lacks subject matter jurisdiction over the action. Cf. Ernst v. Child and Youth

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

2

Serv. of Chester County, 108 F.3d 486, 491 (3d Cir. 1997) (no federal jurisdiction over "functional equivalent" of appeal from state court judgment). "Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court." Centres, Inc. v. Town of Brookfield, Wis., 148 F.3d 699, 702 (7th Cir. 1998).[2]

The Court further notes that an action may proceed against a party whose name is unknown if the allegations are sufficiently specific to permit the party's identity to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain any allegations regarding the identity of the Jane and John Doe defendants; this is impermissible. Cf. Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

---

[2] In the case at hand, plaintiff has attached as Exhibit 1 to his complaint [Doc. #1] a copy of an Order entered on October 12, 2006, in the Probate Division of the St. Louis City Circuit Court, construing his application for a new guardian ad litem as "a petition for removal of guardian and appointment of successor guardian," and denying said motion. Plaintiff does not claim that he lacked, or is presently lacking, a reasonable opportunity to pursue in state court or in the United States Supreme Court any constitutional claims he may have relative to the appointment of a guardian. Cf. Kropelnicki v. Siegel, 290 F.3d 118,128-29 (2nd Cir. 2002) (Rooker-Feldman doctrine barred federal review of claim of misrepresentation that was inextricably intertwined with state court default judgment where the litigant had ample opportunity to raise the claim in state court).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot**.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks subject matter jurisdiction. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 28th Day of March, 2007.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**